**WATSON LAW GROUP, APC**
Richard C. Watson III (Bar No. 256500)
1602 E. 4th Street
Santa Ana, California 92701
Phone: (949) 482-1850
Facsimile: (888) 517-3960
richard@watsonlawgroup.org

Attorney for Plaintiff, MISS CEO, INC.

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MISS CEO, Inc., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>SAFIYA MORGAN, an individual; DOLLY ALI, an individual, and MISSES CEO, a Texas partnership (also known as "Missceoweb" and "MissesCEO"),<br><br>Defendants. | Case No.:<br><br>**COMPLAINT FOR:**<br>**FEDERAL SERVICE INFRINGEMENT;**<br>**FEDERAL UNFAIR COMPETITION;**<br>**FEDERAL SERVICE DILUTION;**<br>**TRADEMARK DILUTION UNDER CALIFORNIA LAW**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff MISS CEO, Inc., a California corporation ("Plaintiff"), by and through its attorneys, Watson Law Group, APC, for its Complaint against defendants SAFIYA MORGAN ("MORGAN"), DOLLY ALI ("ALI"), and MISSES CEO ("MISSES CEO" and also known as "MISSESCEO" and "MISSCEOWEB") ("Defendants"), alleges, on knowledge as to its own actions, and otherwise upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. This is an action for infringement of Plaintiff's federally-registered service mark MISS CEO under Section 32(1) of the Lanham Act, 15 U.S.C.A. § 1114(1) (West), for unfair

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a) (West), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c), and for substantial and related claims of trademark dilution under the statutory and common laws of the State of California, all arising from the Defendant's unauthorized use of the mark MISS CEO in connection with the marketing, advertising, promotion, offering for sale, and/or sale of Defendant's MISSES CEO services.

2. Plaintiff seeks injunctive and monetary relief.

**JURISDICTION**

3. This court has jurisdiction over this action pursuant to 15 U.S.C.A. § 1121 (West), 28 U.S.C.A. § 1331, 1332(a) and 1338(a) and (b) (West), and pursuant to the principles of supplemental jurisdiction under 28 U.S.C.A. § 1367 (West).

**VENUE**

4. Venue is proper in this district under 28 U.S.C.A. § 1391(b)(2), in that a substantial part of property that is the subject of the action is situated in this district, and 28 U.S.C.A. § 1391(b)(2), in that a substantial part of the events or omissions giving rise to the claim occurred in this district.

**PARTIES**

5. Plaintiff MISS CEO, Inc., is a corporation that is incorporated in California and has its principal place of business in Mountain View, California.

///

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

6. Upon information and belief, MISSES CEO is a partnership formed under the laws of Texas and has its principal place of business in Irving, Texas. Upon information and belief, Defendant has two partners: MORGAN is a citizen of Texas; ALI is a citizen of Texas.

7. Upon information and belief, Defendant MORGAN is an individual who resides in Irving, Texas, and is a citizen of Texas.

8. Upon information and belief, Defendant ALI is an individual who resides in Irving, Texas, and is a citizen of Texas.

9. At all times relevant herein, and at the time of the allegations complained of, each of the Defendants was the agent and employee of each of the remaining defendants, and in so doing the things herein alleged, was acting within the scope of such agency.

## FACTS

### A. Plaintiff and its Service Mark

10. Plaintiff is engaged in providing networking events, mentorship and coaching, leadership development and training, career advice and planning, and educational services for girls, teens, young adults, and women.

11. Plaintiff is the owner of valid and subsisting United States Service Registration No. 3,914,076 on the Principal Register in the United States Patent and Trademark Office for its Mark, MISS CEO (hereinafter "Service Mark"), which has become incontestable within the meaning of Section 15 of the Lanham Act, 15 U.S.C.A. § 1065 (West). Attached as Exhibit 1 is a true and correct copy of the registration certificate for Plaintiff's United States Service Registration No. 3,914,076, which was issued by the United States Patent and Trademark Office on February 1, 2011.

12. Plaintiff has used the Service Mark in commerce throughout the United States continuously since September 2008 in connection with the offering, marketing, advertising, and promotion of its services. Attached hereto is Exhibit 2, a true and correct copies of representative samples of materials showing Plaintiff's use of the Service Mark in connection with these services.

13. As a result of its widespread, continuous, and exclusive use of the Service Mark to identify its services and Plaintiff as its source, Plaintiff owns valid and subsisting federal statutory and common law rights to the Service Mark.

14. Plaintiff's Service Mark is distinctive to both the consuming public and Plaintiff's trade.

15. Plaintiff has expended substantial time, money, and resources marketing, advertising, and promoting the services sold under the Service Mark.

16. Plaintiff provides and sells the services under the Service Mark online and through various channels throughout the country.

17. Plaintiff offers and sells its services under the Service Mark to girls, teens, and young adults, particularly those interested in networking events, mentorship and coaching, leadership development and training, career advice and planning, education, entrepreneurial, professional, and leadership development and training.

18. The services Plaintiff offers under the Service Mark have a reputation for high quality.

///

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

19. As a result of Plaintiff's expenditures and efforts, the Service Mark has come to signify the high quality of the services designated by the Service Mark and acquired incalculable distinction, reputation, and goodwill belonging exclusively to Plaintiff.

20. Plaintiff's Service Mark and the services offered thereunder have received significant unsolicited coverage in various media.

21. Plaintiff has scrupulously and successfully enforced and protected its Service Mark against past infringements.

B. Defendants' Unlawful Activities

22. Upon information and belief, Defendants are engaged in providing networking events, coaching, and educational services for entrepreneurial women.

23. Without Plaintiff's authorization, and upon information and belief, beginning after Plaintiff acquired protectable exclusive rights in its Service Mark, Defendants adopted and began using the marks, MISSES CEO, MISSESCEO, MISSCEOWEB, and MISSCEOWEB.COM, which are confusingly similar to Plaintiff's Service Mark (hereinafter, the "Infringing Mark") in US commerce.

24. The Infringing Mark adopted and used by Defendants is confusingly similar to Plaintiff's Service Mark.

25. Upon information and belief, Defendants have engaged in the advertising, promotion, offering for sale, and sale of services using the Infringing Mark in Texas and online. Attached hereto as Exhibit 3 are true and correct copies of representative materials showing Defendants' use of the Infringing Mark.

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

26. Upon information and belief, the services Defendants have marketed, advertised, promoted, offered for sale, and sold under the Infringing Mark, are related to and confusingly similar to those of Plaintiffs.

27. Upon information and belief, Defendants have marketed, advertised, promoted, offered for sale, and sold its services under the Infringing Mark online, including through its website missceoweb.com as well as through other channels that overlap with Plaintiff, including its MISSES CEO Facebook, Instagram, and Twitter webpages.

28. Upon information and belief, Defendants have marketed, advertised, and promoted its services under the Infringing Mark online, including through its website MISSCEOWEB.COM and through the MISSES CEO Facebook, Instagram, and Twitter webpages, and through various other similar channels that overlap with Plaintiff.

29. Upon information and belief, Defendants MORGAN, ALI, and MISSES CEO offers and sells their services under the Infringing Mark to women who are interested entrepreneurial and professional coaching, networking events, and education.

30. On March 7, 2017, Plaintiff's counsel sent a cease and desist letter, followed by an email, to Defendants objecting to Defendants' use of the Infringing Mark. Attached hereto as Exhibit 4 is a true and correct copy of Plaintiff's counsel's April 7, 2017 cease and desist email to Defendants, along with Defendants' response.

31. Defendants' infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the Defendants' services and have and are likely to deceive the relevant consuming public into

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

believing, mistakenly, that Defendants' services originate from, are associated or affiliated with, or otherwise authorized by Plaintiff.

32. Upon information and belief, Defendants' acts are willful with the deliberate intent to trade on the goodwill of Plaintiff's Service Mark, cause confusion and deception in the marketplace, and divert potential sales of Plaintiff's services to the Defendants.

33. Defendants' acts are causing, and unless restrained, will continue to cause, damage and immediate irreparable harm to Plaintiff and to its valuable reputation and goodwill with the consuming public, for which Plaintiff has no adequate remedy at law.

**COUNT ONE**

**(Federal Service Infringement against all Defendants)**

34. Plaintiff repeats and realleges paragraphs 1 through 33 hereof, as if fully set forth herein.

35. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services and is likely to cause consumers to believe, contrary to the fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff. Defendants' conduct therefore constitutes Service infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C.A. § 1114(1).

36. Upon information and belief, Defendants have committed the foregoing acts of infringement with full knowledge of Plaintiff's prior rights in the Service Mark and with the willful intent to cause confusion and trade on Plaintiff's goodwill.

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

37. Defendants' conduct is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

38. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C.A. § 1116, 1117 (West), together with prejudgment and post-judgment interest.

**COUNT TWO**

**(Federal Unfair Competition against all Defendants)**

39. Plaintiff repeats and realleges paragraphs 1 through 38 hereof, as if fully set forth herein.

40. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein is likely to deceive consumers as to the origin, source, sponsorship, or affiliation of Defendants' services, and is likely to cause consumers to believe, contrary to fact, that Defendants' services are sold, authorized, endorsed, or sponsored by Plaintiff, or that Defendants are in some way affiliated with or sponsored by Plaintiff.

41. Defendants' unauthorized use in commerce of the Infringing Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

42. Upon information and belief, Defendants' conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake, or deception as to the affiliation, connection, or association of Defendants with Plaintiff.

43. Defendants' conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C.A. § 1125(a).

44. Defendants' conduct as alleged herein is causing immediate and irreparable harm and injury to Plaintiff, and to its goodwill and reputation, and will continue to both damage Plaintiff and confuse the public unless enjoined by this court. Plaintiff has no adequate remedy at law.

45. Plaintiff is entitled to, among other relief, injunctive relief and an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C.A. § 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT THREE**

**(Federal Service Dilution against all Defendants)**

46. Plaintiff repeats and realleges paragraphs 1 through 45 hereof, as if fully set forth herein.

47. Plaintiff's Service Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C.A. § 1125(c).

48. Plaintiff's Service Mark became distinctive and famous prior to Defendants' acts as alleged herein.

49. Defendants' acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish, and are likely to tarnish Plaintiff's Service Mark by undermining and damaging the valuable goodwill associated herewith.

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

50. Defendants' acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, and have already caused Plaintiff irreparable damage and will, unless enjoined, continue to so damage Plaintiff, which has no adequate remedy at law.

51. Plaintiff is entitled to, among other relief, an award of actual damages, enhanced damages and profits, reasonable attorneys' fees, and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C.A. § 1116, 1117, together with prejudgment and post-judgment interest.

**COUNT FOUR**

**(Trademark Dilution Under California Law against all Defendants)**

52. Plaintiff repeats and realleges paragraphs 1 through 51 hereof, as if fully set forth herein.

53. Plaintiff's Service Mark is distinctive and a "famous mark" within the meaning of California Bus. & Prof. Code, § 14330, which became famous prior to the commencement of Defendants' activities as alleged herein.

54. Upon information and belief, Defendants' activities as alleged herein dilute the distinctive quality of Plaintiff's Service Mark in violation of California Bus. & Prof. Code, § 14330.

55. Upon information and belief, Defendants' wrongful and infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damages to Plaintiff's business, reputation, and goodwill in Plaintiff's Service Mark. Plaintiff has no adequate remedy at law.

///

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1. That Defendants have violated Section 32 of the Lanham Act (15 U.S.C.A. § 1114); and Section 43(a) of the Lanham Act (15 U.S.C.A. § 1125(a)); Section 43(c) of the Lanham Act (15 U.S.C.A. § 1125(c)); and Section 14330 of the California Bus. & Prof. Code.

2. Granting an injunction temporarily and permanently enjoining the Defendants, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

(a) selling, marketing, advertising, promoting, or authorizing any third party to sell, market, advertise or promote Defendants' services bearing the mark MISSES CEO, MISSES CEO, MISSCEOWEB, or MISSCEOWEB.COM or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark;

(b) engaging in any activity that infringes Plaintiff's rights in its Service Mark;

(c) making or displaying any statement, representation, or depiction that is likely to lead the public or the trade to believe that (i) Defendants' services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or (ii) Plaintiff's services are in any manner approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Defendants;

(d) using or authorizing any third party to use any false description, false

representation, or false designation of origin, or any marks, names, words, symbols, or trade dress that falsely associate such business, goods and/or services with Plaintiff or tend to do so;

(e) registering or applying to register any trademark, service mark, domain name, trade name, or other source identifier or symbol of origin consisting of or incorporating the mark MISS CEO, MISSES CEO, MISSESCEO, MISSCEOWEB, or MISSCEOWEB.COM or any other mark that infringes or is likely to be confused with Plaintiff's Service Mark, or any goods or services of Plaintiff, or Plaintiff as their source; and

(f) aiding, assisting, or abetting any other individual or entity in doing any act prohibited by sub-paragraphs (a) through (e).

3. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services sold, distributed, licensed, marketed, advertised, promoted, or otherwise offered or circulated by Defendants are in any way approved, endorsed, licensed, sponsored, authorized, or franchised by or associated, affiliated, or otherwise connected with Plaintiff or constitute or are connected with Plaintiff's services.

4. Directing Defendants to immediately cease all display, distribution, marketing, advertising, promotion, sale, offer for sale, and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays, and other materials that feature or bear any designation or mark incorporating the mark MISS CEO,MISSES CEO, MISSES CEO, MISSCEOWEB, or MISSCEOWEB.COM or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Plaintiff's Service Mark, and to direct all distributors, retailers, wholesalers, and other individuals and establishments wherever located in the

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

United States that distribute, advertise, promote, sell, or offer for sale Defendants' goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale, and/or offering for sale of any and all goods, services, packaging, labels, catalogs, advertisements, signs, displays, and other materials featuring or bearing the mark MISS CEO, MISSES CEO, MISSESCEO, MISSCEOWEB, or MISSCEOWEB.COM or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of the Plaintiff's Service Mark, and to immediately remove them from public access and view.

5. Directing Defendants to formally abandon with prejudice any and all of its applications to register the mark MISSES CEO, MISSES CEO, MISSCEOWEB, or MISSCEOWEB.COM or any mark consisting of incorporating, or containing Plaintiff's Service Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

6. Directing Defendants to cancel with prejudice any and all of its registrations for the mark of MISSES CEO, MISSESCEO, MISSCEOWEB, or MISSCEOWEB.COM or any mark consisting of, incorporating, or containing Plaintiff's Service Mark or any counterfeit, copy, confusingly similar variation, or colorable imitation thereof on any state or federal trademark registry.

7. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C.A. § 1116(a)), Defendants to file with the court and serve upon Plaintiff's counsel within thirty (30) days after service on Defendants of an injunction in this action, or such extended period as the court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendants have complied therewith.

8. Awarding Plaintiff an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C.A. § 1117(a) (West)).

WATSON LAW GROUP, APC
1602 EAST FOURTH STREET
SANTA ANA, CALIFORNIA 92701
TEL (949) 482-1850 · FAX (888) 517-3960

9. Awarding Plaintiff punitive and exemplary damages as the court finds appropriate to deter any future willful infringement.

10. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Plaintiff its costs and reasonable attorneys' fees thereunder (15 U.S.C.A. § 1117(a)).

11. Awarding Plaintiff interest, including prejudgment and post-judgment interest, on the foregoing sums.

12. Awarding such other and further relief as the Court deems just and proper.

Dated: October 16, 2017
Santa Ana, California

Respectfully submitted,

Richard C. Watson III
WATSON LAW GROUP, APC
*Attorneys for* MISS CEO, Inc.
1602 E. 4th Street
Santa Ana, California 92701
(949) 482-1850
richard@watsonlawgroup.org